FRED WHEAT v. THE STATE.

No. 4769.   Decided December 19, 1917.

**1.—Aggravated Assault—Bill of Exceptions—Res Gestae.**

Where the rejected testimony may have been res gestae and admissible in evidence, and the bill of exceptions did not show the circumstances under which it occurred, and why it was not admissible, the question can not be reviewed on appeal.

**2.—Same—Evidence—Bill of Exceptions.**

Where it may have been entirely legitimate to have shown that the witness was a bartender in a saloon, and the bill of exceptions failed to show the connecting facts, a general exception thereto is in the nature of a general demurrer and can not be reviewed on appeal.

**3.—Same—Evidence—Bill of Exceptions.**

Where the grounds of exceptions to the testimony are not verified by the court as facts, and are simply stated as objections in the nature of a general demurrer, and the rejected testimony might have been admissible for any purpose, there was no reversible error.

Appeal from the District Court of Tarrant.   Tried below before the Hon. Bruce Young.

Appeal from a conviction of aggravated assault; penalty, a fine of one hundred dollars and confinement of one year in the county jail.

The opinion states the case.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of defective bills of exceptions: James v. State, 63 Texas Crim. Rep., 77; Harris v. State, 67 Texas Crim. Rep., 251, 148 S. W. Rep., 1074; Zweig v. State, 74 Texas Crim. Rep., 306, 171 S. W. Rep., 747.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault and battery, his punishment being assessed at a fine of $100 and one year imprisonment in the county jail.

Bill of exceptions No. 1 recites that while the witness Meek was testifying in behalf of the State, and after testifying that he was in the

store of Mr. Mogab and saw the defendant and another party pass the store, heard some cursing, and afterwards the party or prosecuting witness returned and witness asked him who cut him, that defendant objected to the question and answer as to what prosecuting witness said about who cut him, for the reason that said statement was not in the presence of the defendant, unknown to him, and not in any manner acquiesced in by him. The witness answered that they, referring to defendant and the party with him, stuck him with a knife. This bill is very indefinite. The testimony may have been res gestae and admissible. The bill does not show the circumstances under which it occurred and why it was not admissible.

Another bill recites that defendant was testifying in his own behalf, and not having filed a plea for suspension of his sentence, that the State asked the defendant upon cross-examination if it was not a fact that he had tended bar in a saloon in Fort Worth, to which question and answer the defendant objected because it was irrelevant, immaterial and prejudicial to the rights of defendant, in that its purpose was and in fact its effect would be to prejudice the rights of defendant before the jury, and that it would induce the jury to believe that he was a character who hung around saloons and thereby reflect upon his chararter, he not having put his reputation in issue. The witness answered that it was true, he had tended bar in a saloon in Fort Worth. These exceptions are very general. The facts are not shown so as to explain how this matter came. It may have been entirely legitimate, but the bill fails to show the connecting facts. General exceptions such as the irrelevancy and immateriality of testimony might be considered in the light of general demurrers, and being so considered, if the testimony was admissible for any purpose the objections are not well taken, and should not be sustained if the testimony is admissible for any purpose. This seems to be an unquestioned rule. There could be circumstances and environments of the case that would make this character of testimony entirely legitimate, but the bill fails to show that these matters were or were not in the case. The bill is not sufficiently specific, and, therefore, does not place the matter in such light that this court can hold it objectionable.

Another bill recites that appellant was, on cross-examination, asked how many times he had been charged with theft. The objection to this was that this had not been brought out on direct examination, was immaterial, irrelevant and calculated to prejudice his rights before the jury. The witness replied he had been twice charged with the offense of theft. The same may be said of this as of the other matters. The grounds of objection are not verified by the court as facts, nor are they stated as facts but simply as grounds of objection, and as stated in reference to the other bill, they are but general demurrers, and if the testimony was admissible for any purpose in the record, the general demurrers will not reach the question. Special exceptions were not pre-

sented. These being the only matters of importance in the case, the judgment will be affirmed.

*Affirmed.*